## Lucas v. Board of Education of Louisville.

(Decided April 24, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Schools—Act Regulating Control of Louisville Schools—Removal of Employe—Pleading.—In an action by an employe of the Louisville School Board, charging that the Superintendent of Schools had prevented his discharging the duties of the office, the demurrer to his petition was properly sustained. It did not allege that after the board had perfected its new method of administration, following the amendment of the law, it had retained him, nor does

it show when the new order had been effected, and it must be assumed that his continuance was but temporary during the change of systems.

HOWARD B. LEE for appellant.

ARTHUR M. RUTLEDGE for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

This appeal is from a judgment sustaining demurrer to and dismissing appellant's petition.

By an act of the General Assembly of the year 1910, effective on January 1, 1911, control of all Louisville school matters was vested in the appellee board, which was created by the act. In September, 1909, appellant had been employed by the old Louisville School Board, as an assistant superintendent, for a term of two years. He admits that under the authority of Marks v. Bloom, et al., 141 Ky., 474, the creation of the Board of Education was an end of his contract. He brought this action, however, against the new board, upon the theory that he had been retained by it for the balance of his two year term; charging that after April 1, 1911, the Superintendent of Schools had prevented his discharging the duties of the office. He aptly charged his effort and failure to secure other work.

The demurrer was properly sustained. By section 12 of the act named it was provided that the new board, while it was effecting the change from the old to the new administrative system, might continue any of the old teachers or employes in service; and that it might "thereafter retain or remove any agents, teachers, janitors, engineers or other employes then rendering service." Plaintiff's petition only shows that on January 2, 1911, the first legal day of the new board, it adopted a resolution retaining him in office. It does not show when the new order or administrative system had been effected. It does not charge that after its systematization, after it had perfected its new method of administration, the board had retained him. It must be assumed from the petition, therefore, that his continuing service under the resolution of January 2nd, was merely the temporary tenure during the change of systems. His petition does not show that on April 1st the change had not been effected, nor that he had been again retained after the change had been effected. It was, therefore, fatally defective.

Again, under section 15 of the act named, it was provided that the Superintendent might nominate, and the Board appoint, assistant superintendents, who might be removed by the Superintendent, with the Board's approval. Now the petition charges that plaintiff was prevented from acting by the Superintendent, but it does not allege that he had not been removed by the Superintendent. Taking the. allegations of his petition most strongly against him, it is clear that he did not charge that the Superintendent's interference with him was an unlawful or unauthorized interference. It was, therefore, fatally defective in this aspect as well. The plaintiff takes the position, however, that this right of removal by the Superintendent applies only to assistants nominated by himself, and not to those who might have been retained by the old board. This is unsound. After the new board had effected its new order, all employes of the School Board, whether retained over from the old administration or employed by the new, were upon a common footing, and the new board had, over all of them alike, every right given to them by the act.

The judgment of the trial court is affirmed.